**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Felipe Arrevalo GARCIA, Defendant–Appellant.**

No. 98–15839.

United States Court of Appeals, Ninth Circuit.

Submitted March 16, 2000[1]

Filed May 2, 2000

Katherine Hart and Steven Crawford, Fresno, California, for the defendant-appellant.

Mark McKeon, Assistant United States Attorney, Sacramento, California, for the plaintiff-appellee.

Before: O'SCANNLAIN, LEAVY, and RYMER, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

When does a federal judgment of conviction become final? We must decide whether the one-year limitations period for filing a motion to attack a conviction under 28 U.S.C. § 2255 runs from the date on which the court of appeals affirms the judgment or ninety days later when the time for filing a petition for a writ of certiorari expires.

**I**

On November 10, 1994, Felipe Arrevalo Garcia ("Garcia") was convicted of one count of conspiring to manufacture methamphetamine with intent to distribute and one count of manufacturing methamphetamine. We affirmed his convictions on October 11, 1996. Our mandate issued on November 4, 1996, and was entered on the district court docket on November 7, 1996. Garcia choose not to file a petition for a writ of certiorari in the United States Supreme Court. His petition would have been due no later than January 9, 1997, 90 days after the entry of judgment on direct review.

Instead, on January 6, 1998, Garcia filed a motion pursuant to 28 U.S.C. § 2255

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See*     Fed. R.App. P. 34(a)(2)

challenging his sentence. The district court denied the motion as untimely because Garcia filed it more than one year after we affirmed his conviction on direct review.

Garcia applied for a certificate of appealability, which we granted with respect to the following issue: "When does a federal prisoner's judgment of conviction become final for purposes of the one-year statute of limitations period set forth in 28 U.S.C. § 2255?"

## II

Prior to passage of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal prisoner had unlimited time in which to file a motion under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255 (1994) ("A motion for such relief may be made at any time."). As one of its many reforms, AEDPA instituted a one-year limitations period for collateral attacks by federal and state prisoners. *See* 28 U.S.C. § 2255 (federal prisoners); 28 U.S.C. § 2244(d)(1) (state prisoners). At issue here is when this limitations period begins to run for federal prisoners.

■ As always when interpreting a statute, we begin with the express language at issue. *Rucker v. Davis*, 203 F.3d 627, 636 (9th Cir.2000). The pertinent part of § 2255 reads: "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of(1) the date on which the judgment of conviction becomes final." *Id.* The phrase "becomes final" is capable of at least two meanings. In this case, the district court interpreted "final" to mean the date the court of appeals affirms the judgment of conviction. Both parties contend on appeal, however, that a judgment is final only when the time for seeking certio-

rari review has expired.[2] This date is 90 days after entry of the court of appeals' judgment. *See* Sup.Ct. R. 13.[3] Our sister circuit courts have split over this issue. *Compare Gendron v. United States*, 154 F.3d 672 (7th Cir.1998) (holding that the one-year period begins to run when the mandate of the court of appeals issues) *with Kapral v. United States*, 166 F.3d 565 (3d Cir.1999) (holding that the one-year period begins to run after the time for filing a petition for a writ of certiorari has expired) *and United States v. Burch*, 202 F.3d 1274 (10th Cir.2000) (same) *and United States v. Walker*, 165 F.3d 22 (4th Cir. 1998) (unpublished opinion) (same). *See also United States v. Thomas*, 203 F.3d 350 (5th Cir.2000) (stating in dicta that it finds persuasive the position that the one-year period begins to run only after the time for filing a petition for a writ of certiorari expires); *Adams v. United States*, 173 F.3d 1339 (11th Cir.1999) (noting, but not deciding the question). We previously noted this issue, but expressly left its resolution for another day. *See United States v. Colvin*, 204 F.3d 1221, 1225 (9th Cir.2000). Today, we face this question squarely.

## III

### A

The Supreme Court has examined the question of when a conviction becomes final in the context of habeas review. In *Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987), the Court stated: "By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Id.* at 321 n. 6, 107 S.Ct. 708. Under *Teague v. Lane*, 489 U.S. 288,

---

2. The parties are in agreement in this appeal. Although the government had argued differently in earlier cases before other circuit courts, it is now the position of the Solicitor General that the limitations period begins to run only after the time for filing a petition for a writ of certiorari has expired.

3. Rule 13 reads in pertinent part: "Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a ... United States court of appeals ... is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."

109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), any constitutional rule announced after this time is considered a "new rule," and habeas relief based on that new rule is generally unavailable. Thus, the Supreme Court's definition of "final" in the context of habeas corpus counsels in favor of the parties' interpretation of the statutory language in § 2255.

Congress is, of course, free to disregard a judicial definition of "final" and impose one of its own. This is what the district court and the Seventh Circuit, after comparing § 2255 with 28 U.S.C. § 2244(d)(1), concluded that Congress did. Section 2255, which, of course, applies to federal prisoners, states that the limitations period begins on "the date on which the judgment of conviction becomes final." *Id.* In contrast, § 2244(d)(1), which applies to state prisoners, states that the limitations period begins to run from "the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* The Seventh Circuit invoked the canon of statutory construction that "[w]here Congress includes particular language in one section of an act but omits it in another section of the same act, it is presumed that Congress intended to exclude the language, and the language will not be implied where it has been excluded." *Gendron,* 154 F.3d at 674 (citing *Russello v. United States,* 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983)). On the basis of this principle, the Seventh Circuit concluded that "federal prisoners who decide not to seek certiorari with the Supreme Court will have the period of limitations begin to run on the date this court issues the mandate in their direct criminal appeal." *Id.* The district court in this case followed the same reasoning. We are not persuaded, however, that this canon of construction applies to the statutory language at issue here. *See Kapral,* 166 F.3d at 578–80 (Alito, J., concurring).

The language of § 2255 may be interpreted to mean either of the two conceptions of finality included in the language of § 2244(d)(1). Although the Seventh Circuit and the district court professed to avoid incorporating the language of § 2244(d)(1) into the language of § 2255, they did just that. They concluded that the judgment became final at "the conclusion of direct review." 28 U.S.C. 2244(d)(1). Thus, the canon of construction invoked by the Seventh Circuit does not apply because we cannot avoid implying at least part of the language from § 2244(d)(1) into § 2255.

### B

■ Following the Supreme Court's definition of finality in the context of habeas review, we hold that the one-year limitations period for a federal prisoner who does not file a petition for a writ of certiorari begins to run when the time for filing the petition expires. The Supreme Court's definition of "final" in *Griffith* is consistent with Congress's definition of "final" in § 2244(d)(1). *Compare Griffith,* 479 U.S. at 321 n. 6, 107 S.Ct. 708 *with* 28 U.S.C. § 2244(d)(1). Here, § 2244(d)(1) informs the definition of "final" in § 2255. *See Kapral,* 166 F.3d at 574–76; *Burch,* 202 F.3d at 1277–78. We can discern no reason to treat state and federal prisoners differently for the purposes of the limitations period. *See Kapral,* 166 F.3d at 575. Adopting the § 2244(d)(1) definition of finality also harmonizes the start of the running of the limitations period with the last date on which the Supreme Court may generally announce a rule that applies to a prisoner's habeas petition. *See Teague,* 489 U.S. at 310, 109 S.Ct. 1060. Beginning the limitations period three months earlier might encourage prisoners to file habeas petitions before they know of all the possible Constitutional challenges available to them.[4] Since Garcia might well have filed

---

**4.** A definition of finality that coincides with the end of the time available for direct appeal is consistent with the rule that "a district court should not entertain a habeas corpus petition while there is an appeal pending in this court or in the Supreme Court." *Feld-*

a petition for a writ of certiorari, the judgment could have been subject to further review, and therefore was not final, until the filing time expired. *See Kapral,* 166 F.3d at 571; *Burch,* 202 F.3d at 1277.

IV

Applying these principles of finality to this case, we conclude that Garcia timely filed his § 2255 motion on January 6, 1998.[5] We affirmed his conviction on direct review on October 11, 1996.[6] The period of time in which Garcia could have filed for certiorari ended January 9, 1997. *See* Sup.Ct. R. 13.1. Thus his § 2255 motion, filed January 6, 1998, was filed within one year of the date on which his time for filing a petition for certiorari expired.

V

Because Garcia filed his § 2255 motion within one year of the date on which the time for filing a petition for a writ of certiorari expired, we reverse the order of dismissal and remand the case to the district court for further proceedings.

REVERSED AND REMANDED.

*man v. Henman,* 815 F.2d 1318, 1320–21 (9th Cir.1987).

5. Garcia's motion is dated January 6, 1998, but was not filed in the district court until January 13, 1998. The district court applied the "mailbox rule," which deems a prisoner's petition filed when he hands it to the prison authorities. *See Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Because we granted a certificate of appeala-

bility only as to the question of when the limitations period begins, we assume, without deciding, that the motion was filed on January 6, 1998. *See Miles v. Prunty,* 187 F.3d 1104, 1106 n. 2 (9th Cir.1999).

6. "The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate." Sup.Ct. R. 13.3.