UNITED STATES of America, Plaintiff–Appellee,

v.

Jon ZAVALIDROGA, Defendant–Appellant.

No. 00–10324.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2001[1].

Decided Jan. 24, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BEEZER, O'SCANNLAIN and KLEINFELD, Circuit Judges.

## MEMORANDUM[2]

Jon Zavalidroga ("Zavalidroga") appeals pro se from the orders of the district court denying his petition for a writ of mandamus to compel the district court to reopen his federal criminal conviction, and his petition to provide a review of his appeal from the judgment of conviction. In 1997 Zavalidroga was convicted of transmitting a threatening communication in interstate commerce under 28 U.S.C. § 875(c). His conviction was affirmed by this court on July 7, 1998. Zavalidroga argues that the district court erred in refusing to conduct an inquiry into the possibility of judicial fraud in the handling and presentation of a tape recording of a telephone call. We affirm because we conclude that the district court did not abuse its discretion in denying the petitions.

■ A peremptory writ of mandamus is traditionally used to compel a district court to exercise its authority. *Will v. United States*, 389 U.S. 90, 95, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967). "The All

Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." *Pennsylvania Bureau of Correction v. U.S. Marshals Service*, 474 U.S. 34, 43, 106 S.Ct. 355, 88 L.Ed.2d 189 (1985). A petition filed pursuant to 28 U.S.C. § 2255 "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of his detention." *Lorensten v. Hood*, 223 F.3d 950, 953 (9th Cir.2000)(citing *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir.1997)).

■ We also note that it would have been futile for the district court to construe Zavalidroga's petitions as motions to vacate, set aside or correct his sentence because he did not comply with the filing procedures mandated by 28 U.S.C. § 2255. Zavalidroga's one-year time period for filing such a motion expired on July 7, 1998, long before he filed his mandamus petitions in April and May of 2000. 28 U.S.C. 2255(1); *United States v. Garcia*, 210 F.3d 1058, 1058 (9th Cir.2000).

AFFIRMED.

---

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.