**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jijibhoy J. PATEL and Silloo J. Patel,**
**Defendants–Appellants.**

No. 00–15235.
DC# CV–98–01723–WBS.
DC# CR–90–00222–WBS.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 15, 2001 *.

Decided Oct. 23, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Before REINHARDT, GRABER and BERZON, Circuit Judges.

## MEMORANDUM **

Jijibhoy J. Patel and Silloo J. Patel appeal pro se the district court's *sua sponte* dismissal of their 28 U.S.C. § 2255 motion challenging their jury trial conviction for two counts of attempted income tax evasion, in violation of 26 U.S.C. § 7201. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we reverse and remand.[1]

We granted a certificate of appealability as to the issue of whether the district court erred for *sua sponte* dismissing the Patels' 28 U.S.C. § 2255 motion as time-barred. We review de novo the dismissal of a § 2255 motion on statute of limitations grounds. *See Herbst v. Cook,* 260 F.3d 1039, 1042 (9th Cir.2001).

The district court may *sua sponte* dismiss a § 2255 motion on statute of limitations grounds. *Id.* at 1042; *cf. United States v. Garcia,* 210 F.3d 1058, 1060 (9th Cir.2000) (stating that the statute of limitations period for § 2254 petitions and § 2255 motions is not treated differently). However, before dismissing, the district court must first give adequate notice and an opportunity to respond. *Id.* at 1043. Review of the record demonstrates that the Patels were neither given notice, nor the opportunity to respond prior to the district court's *sua sponte* dismissal.

Accordingly, the order dismissing the Patels' § 2255 motion as untimely is reversed and the case remanded for further proceedings. *See id.* at 1044.

REVERSED and REMANDED.

---

R.App. P. 34(a)(2). Accordingly, defendants' request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. We reject the government's argument that we lack jurisdiction over Silloo Patel because she allegedly was not in custody when the § 2255 motion was filed in the district court. 28 U.S.C. § 1291 (vesting the Court of Appeals with appellate jurisdiction over all final decisions of the district courts); *Blazak v. Ricketts,* 971 F.2d 1408, 1410 (9th Cir.1992) (per curiam) (stating that the district court's order was a final appealable order because it disposed of all claims).