**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Sergio Daniel BOBADILLA,
Defendant–Appellant.**

**No. 00–57013.**

**D.C. No. CV–99–13314–SVW.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 9, 2001.

Decided Dec. 11, 2001.

---

Rymer, Circuit Judge, concurred and filed opinion.

Before RYMER and RAWLINSON, Circuit Judges, and POGUE, Judge.*

MEMORANDUM**

Sergio Daniel Bobadilla ("Bobadilla") appeals the district court's dismissal of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. The district court dismissed the petition as untimely because the petition was filed more than one year after the time for seeking certiorari in the Supreme Court expired. In determining the timeliness of Bobadilla's petition, the district court relied on *United States v. Garcia,* 210 F.3d 1058, 1060 (9th Cir.2000), a case decided five months after the filing

of Bobadilla's petition. Bobadilla argues that the district court's retroactive application of *Garcia* violates due process and constitutes an improper application of new law. We disagree with Bobadilla and, therefore, affirm the district court's decision.

I.

*Garcia* holds that the one year limitations period for filing a motion to attack a conviction under 28 U.S.C. § 2255 begins when the time for filing a petition for a writ of certiorari expires. According to Bobadilla, *Garcia* should not apply retroactively, on collateral review, because a previous Ninth Circuit case had already addressed the issue and, therefore, he reasonably relied on the previous case. *See Calderon v. United States Dist. Court (Beeler),* 128 F.3d 1283, 1286 n. 2 (9th Cir.1997), *overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly),* 163 F.3d 530 (9th Cir. 1998).

Bobadilla's reliance on *Beeler* is misplaced. The "usual rule is that federal cases should be decided in accordance with the law existing at the time of the decision." *Goodman v. Lukens Steel Co.,* 482 U.S. 656, 662, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987); *Coopers & Lybrand v. Sun-Diamond Growers of CA,* 912 F.2d 1135, 1138 (9th Cir.1990); *United States v. Kane,* 876 F.2d 734, 735–36 (9th Cir.1989)("[R]etroactive application of judicial decisions is the rule not the exception."). "Indeed, a legal system based on precedent has a built-in presumption of retroactivity." *Solem v. Stumes,* 465 U.S. 638, 642, 104 S.Ct. 1338, 79 L.Ed.2d 579

---

* Honorable Donald C. Pogue, Judge, United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

(1984). "[W]hen a court delivers a ruling, even if it is unforeseen, the law has not changed. Rather, the court is explaining what the law always was." *Jones Stevedoring Co. v. Director, Office of Workers Comp.,* 133 F.3d 683, 688 (9th Cir.1997).

In *Garcia,* the plaintiff filed a motion more than one year after the mandate was spread but within a year of the expiration of the time period for filing a petition for certiorari. The court applied the announced rule to Garcia, holding his motion timely. Because the holding was applied to Garcia, and the court did not specifically reserve the question of retroactive application, the court's determination on timeliness should be applied to Bobadilla. *Harper v. Virginia Dep't of Taxation,* 509 U.S. 86, 96, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993)(holding that "a rule of federal law, once announced and applied to the parties to the controversy, must be given full retroactive effect by all courts adjudicating federal law").

Furthermore, as the government argues, *Garcia* did not make "new law," but merely "construed the statutory language contained in section 2255 regarding the time for filing a motion." Appellee's Brief at 9. As in *United States v. Newman,* 203 F.3d 700, 703 (9th Cir.2000), which held that due process concerns were inapplicable where the case "interprets a federal statute concerning the calculation of the length of a term of imprisonment without reference to the issue of the defendant's criminal liability[,]" *Garcia* merely interpreted the term "final" in section 2255. *Newman,* 203 F.3d at 703. This interpretation does not affect Bobadilla's culpability but rather when a filing is timely. Therefore, due process issues are not implicated by retroactively application of *Garcia.*

Bobadilla also relies on *Green v. White,* 223 F.3d 1001, 1003 (9th Cir.2000). In that case, Green attempted to argue that a one-year time limitation should be equitably tolled because the delay was a result of his and his attorney's reliance upon the holding of *Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). The court held that Green could not have relied on *Lindh* for two reasons: first, it was decided three weeks after Green filed his petition; and second, Green's reliance on *Lindh* was not reasonable.

Bobadilla argues that his situation differs from Green's because his reliance on *Beeler* was reasonable. Bobadilla's reasonableness claim rests on the fact that *Beeler* was the only Ninth Circuit case that specifically addressed the issue of finality for purposes of the statute of limitations for filing a section 2255 motion at the time that Bobadilla filed his motion. According to Bobadilla, *Beeler* contained unequivocal language that, viewed together with a Seventh Circuit decision, made it reasonable to assume that the Ninth Circuit's position on finality would be that the limitations period runs when the mandate is spread. *See Beeler,* 128 F.3d at 1286 n. 2 (stating in a footnote that "a judgment does not become final following appeal until the case is returned to the district court and the mandate is spread"); *see also Gendron v. United States,* 154 F.3d 672, 674 (7th Cir. 1998). As in *Green,* however, Bobadilla's reliance was not reasonable. *Beeler* only discussed the issue in a footnote of dicta. *See id.* Regardless of whether this language is "unequivocal," the case made clear that it was not deciding this specific issue. *See id.* ("We *assume* Beeler's year began to run on the date his petition for certiorari was denied only because the precise date *does not affect the outcome of this case.*").

Moreover, Bobadilla's reliance on the Seventh Circuit was misplaced. *Compare Gendron,* 154 F.3d at 674, *with Kapral v. United States,* 166 F.3d 565, 569 (3d Cir.

1999). The Third Circuit had also already decided this issue, defining "final" in the same way the *Garcia* court eventually did. *See Kapral,* 166 F.3d at 569. The existence of this circuit split detracts from Bobadilla's reliance argument.

The judgment of the district court is therefore AFFIRMED.

RYMER, Circuit Judge, concurring.

I concur in the judgment because *Calderon v. U.S. Dist. Court (Beeler),* 128 F.3d 1283, 1286 n. 2 (9th Cir.1997), *cert. denied, Beeler v. Calderon,* 523 U.S. 1061, 118 S.Ct. 1389, 140 L.Ed.2d 648, *overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly),* 163 F.3d 530 (9th Cir.1998), discussed finality only in a footnote of dicta. While the Seventh Circuit had held that the limitations period began to run on the date the court of appeals issues its mandate, in *Gendron v. United States,* 154 F.3d 672, 674 (7th Cir. 1998), the Third Circuit had held otherwise in *Kapral v. United States,* 166 F.3d 565, 577 (3rd Cir.1999). Thus, there was a circuit split prior to the expiration of Bobadilla's one-year period for filing his § 2255 petition. In these circumstances, a change in the law is not unforeseeable. *See United States v. Rodgers,* 466 U.S. 475, 484, 104 S.Ct. 1942, 80 L.Ed.2d 492 (1984). As due process bars retroactive application of a change in the law only when unforeseeable, *see United States v. Qualls,* 172 F.3d 1136, 1139 n. 1 (9th Cir.1999), *United States v. Garcia,* 210 F.3d 1058 (9th Cir. 2000), was not impermissibly applied retroactively to Bobadilla.