RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0357P (6th Cir.)
File Name: 02a0357p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

*v.*

No. 01-4221

GEORGE J. COTTAGE,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 89-00095—Solomon Oliver, Jr., District Judge.

Argued: September 17, 2002

Decided and Filed: October 10, 2002

Before: GUY and BATCHELDER, Circuit Judges;
QUIST, District Judge.*

_____

### COUNSEL

**ARGUED:** John D. Raikos, Indianapolis, Indiana, for Appellant. Gregory C. Sasse, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee.

---

*The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

1

**ON BRIEF:** John D. Raikos, Indianapolis, Indiana, for Appellant. Gregory C. Sasse, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee.

---

## OPINION

---

RALPH B. GUY, JR., Circuit Judge. Defendant, George J. Cottage, filed this appeal from the district court's order of October 19, 2001, which denied his motion for leave to file a supplemental petition to set aside his conviction under 28 U.S.C. § 2255. Defendant's plea-based conviction was for distributing more than 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1). The order appealed from was the last of several decisions denying relief, which defendant sought on the grounds that he had been entrapped by a government informant. After review of the record and arguments presented on appeal, we affirm the dismissal of defendant's supplemental petition.

### I.

Defendant was arrested at his home on March 7, 1989, during a controlled buy of one kilogram of cocaine. A second kilogram of cocaine was found in the house. Defendant was indicted on two counts, possession with intent to distribute and distribution of cocaine, and pleaded guilty to the distribution charge on August 22, 1990. Having agreed to cooperate, defendant became fearful for his safety and absconded before sentencing. He failed to appear for sentencing on November 16, 1990, and a warrant was issued for his arrest.

Defendant remained a fugitive until his arrest in Florida on September 18, 1997. He was returned to Ohio, appointed counsel, and detained pending sentence. A revised presentence report was prepared. On December 18, 1997, the district court sentenced defendant to a term of 200 months'

not filed timely, we need not decide whether the motion was in fact a second or successive § 2255 motion.[6]

**AFFIRMED.**

---

[6]The government suggests that if we treated this appeal as an "implied motion" for leave to file a second § 2255 motion, the claim in the supplemental petition would be foreclosed because the motion does not contain:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

a result, defendant has not shown that an impediment created by governmental action prevented him from bringing his § 2255 motion within one year of the date that his conviction became final.

## C.   **Failure to Assert Entrapment Defense**

The supplemental petition claimed that defendant was denied effective assistance of counsel when counsel failed to investigate and present an entrapment defense. Defendant, however, does not specifically challenge the district court's finding that this claim was not filed timely. To establish ineffective assistance of counsel in a guilty plea context, the defendant must show that his counsel's performance was deficient and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). We agree with the district court that this claim was untimely because the facts supporting this claim could have been discovered through the exercise of due diligence more than a year before the supplemental petition was filed on May 14, 2001.

The government also argues that the district court was not authorized to consider defendant's supplemental motion because it was a second or successive motion filed under § 2255 without authorization from this court pursuant to 28 U.S.C. § 2244(b)(3). Although some courts have dismissed second or successive § 2255 motions if they are filed in district court without the necessary authorization, in this circuit such motions are to be transferred to this court for the necessary certification. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). There is no indication in the record that this issue was raised in or considered by the district court. Having found that the claim asserted in the supplemental petition was

imprisonment.[1] Although defendant admitted his conduct at sentencing, he also explained that he had been pressured by the informant to get him the cocaine he was charged with having distributed.

MR. COTTAGE: All right. The last one, all right, I am guilty, because I didn't have enough sense to say no. It took Mr. Bartley [, the FBI agent in this case,] and this Court five months, approximately, to get me to sell -- this fellow from Cincinnati -- his name is Timothy --

MS. JOHNSON [DEFENSE COUNSEL]: Can I have just a moment, Your Honor?

THE COURT: Yes. (Discussion had off the record between Ms. Johnson and Mr. Cottage.)

MR. COTTAGE: Well, anyhow, I will finish this in a hurry. It took five months for me to break down after my mother died. A couple of weeks after I drove down to Florida, didn't tell anybody I was going down there. They had already confiscated my house. Well, no. They took that later . . . .

But, anyway, it took five months of them setting me up to sell them some coke, telling me about the car dealer in Cincinnati. Turns out to be the car dealer was Mr. Bartley, an FBI agent. This guy, Timothy Buckley . . . evidently he got busted somewhere along the line, arrested for dealing in coke. Well, he had to give somebody up or somebody he knew. It took them -- and I am sure that the telephone of mine was tapped, okay? I had told Buckley on several occasions to get out of the dope business --

---

[1] In calculating the guideline range, the district court increased the offense level and criminal history category to account for defendant's status as a career offender and granted a three-level reduction in the offense level for acceptance of responsibility.

MS. JOHNSON: Your Honor, may I have another moment?

THE COURT: You may. (Discussion had off the record between Ms. Johnson and Mr. Cottage.)

MR. COTTAGE: I will end it, then. I will just say this, Your Honor, and I will end it. Anyway, like a damn fool, I couldn't say no. I was down in Florida. And I picked up a kilo of coke for this fellow. And I got busted. And here I am.

The government responded that defendant had a number of prior convictions, which included two prior drug offenses, and that it was clear he was involved in an ongoing conspiracy in several states when he was arrested. The judgment and commitment order was filed on December 29, 1997. Defendant did not appeal.

On March 29, 1999, more than a year later, defendant filed a § 2255 motion to correct sentence and set aside the forfeitures of real and personal property. Defendant, through counsel, argued that he was not guilty of the distribution offense because he had been entrapped by the government informant. The government moved to dismiss on the grounds that the motion was not filed within the one-year limitation period set forth in § 2255, which begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been

including the defense of entrapment. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Apparently aware of this bar, defendant challenges the plea as a product of the alleged *Brady* violation. In support of his *Brady* claim, defendant states that Buckley, who he had met while serving a federal sentence on an earlier drug charge, pressured him into selling a kilogram of cocaine. According to defendant, Buckley began asking him to get a kilogram of cocaine in 1988. Buckley allegedly made at least 25 telephone calls to defendant and six trips from Cincinnati to Lorain, Ohio, a distance of 230 miles, to plead with defendant to get cocaine for him. Defendant claims he finally gave in after his mother died in February 1989. Defendant complains that the $30,000 that Buckley brought to his house had been provided by the FBI.

While there is no general constitutional right to discovery in a criminal case, *Brady* imposes a duty on the prosecution to disclose to a defendant evidence that is both favorable to him and material to his guilt or punishment. *Kyles v. Whitley*, 514 U.S. 419 (1995); *United States v. Todd*, 920 F.2d 399, 404 (6th Cir. 1990).[5] Because *Brady* is concerned only with cases in which the government possesses information that defendant does not have, the government's failure to disclose potentially exculpatory information does not violate *Brady* "where a defendant 'knew or should have known the essential facts permitting him to take advantage of any exculpatory information' or where the evidence is available to defendant from another source." *United States v. Clark*, 928 F.2d 733, 738 (6th Cir. 1991) (quoting *United States v. Grossman*, 843 F.2d 78, 85 (2d Cir. 1988)). *See also Todd*, 920 F.2d at 405. It is apparent from defendant's allocution at sentencing that he was aware of the essential facts that serve as the basis for the claims of entrapment and the failure to disclose exculpatory evidence related to the claim of entrapment. As

[5]The Supreme Court recently held that a defendant has no constitutional right to the disclosure of impeachment information before entering a plea agreement. *United States v. Ruiz*, 122 S. Ct. 2450 (2002).

from his conviction, but did not seek certiorari review. The Ninth Circuit explained that "[s]ince Garcia might well have filed a petition for a writ of certiorari, the judgment could have been subject to further review, and therefore was not final, until the filing time expired." *Id*. at 1060-61.

However, when a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final either on the date that the judgment was entered, *see United States v. Sanders*, 247 F.3d 139, 142 (4th Cir.), *cert. denied*, 122 S. Ct. 573 (2001), or on the date on which the time for filing such appeal expired, *see Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) (a majority view). Since defendant did not pursue a direct appeal, there was no judgment by the court of appeals from which he could seek review and the 90-day period for filing a petition for writ of certiorari is not relevant. As a result, even if defendant's conviction was not final until after the ten-day appeal period had expired, his § 2255 motion was not timely because it was filed more than one year later.[4]

**B.   Entrapment and *Brady***

Next, without actually attempting to tie the claim to the issue of timeliness, defendant continues to argue that he was entrapped by the government informant and that the government's failure to disclose *Brady* material concerning an entrapment defense invalidated his plea. *Brady v. Maryland*, 373 U.S. 83 (1963). To the extent that defendant claims that the failure to turn over evidence was an impediment that prevented him from bringing his § 2255 motion within one year of the date that his conviction became final, we cannot agree.

A voluntary and unconditional guilty plea generally waives any non-jurisdictional claims that arose before the plea,

---

[4]Contrary to the parties' calculations, the ten-day period runs from the entry of the judgment of conviction and not the date of the sentencing hearing. *See* FED. R. APP. P. 4(b).

newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

    (4)  The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

On October 27, 1999, the district court dismissed the motion to correct sentence with prejudice because it was not filed timely. The district court also dismissed without prejudice the request to set aside the forfeitures because they could not be challenged in a proceeding under § 2255. No appeal was taken from this order.

On August 1, 2000, ten months later, defendant filed an amended motion to correct sentence, claiming that the amendment "related back" to the initial § 2255 motion. He argued that the initial § 2255 motion was timely because the judgment did not become final until the time for filing a petition for certiorari had elapsed. Finding this argument to be "incorrect," the district court dismissed the amended motion on November 8, 2000.

On November 20, 2000, defendant filed a motion for reconsideration, arguing that the initial motion was timely filed either under § 2255(2), because he was impeded from asserting entrapment by governmental action in the form of ineffective assistance of counsel, or under § 2255(4), because his incarceration prevented him from discovering his entrapment defense through the exercise of due diligence. On March 7, 2001, the district court denied the motion for reconsideration on the grounds that defendant raised no basis upon which the court could grant him relief. The district court also directed that no further motions relating to the motion to correct sentence could be filed without leave of court. No appeal was taken from either the dismissal of the amended motion or the denial of the motion for reconsideration.

On May 14, 2001, defendant filed a motion for leave to file a supplemental petition to set aside his conviction as having

been obtained through entrapment. In this motion, defendant argued that his appointed counsel was ineffective in failing to investigate or present a defense of entrapment and returned to the argument that the government had failed to disclose exculpatory evidence. Defendant also took issue with the defense counsel's admission that he was a "career offender" under the guidelines, apparently relying on the fact that he had no convictions during the seven years that he was a fugitive.[2]

The district court denied this motion on October 19, 2001, finding nothing in the supplemental petition that would alter the previous determination that the defendant failed to file the initial petition within the one-year limitation period. The district court also found the allegations in the supplemental motion failed to show that the facts underlying the claims could not have been discovered with the exercise of due diligence either within one year after sentencing, or within one year from the filing of the initial petition. In addition, petitioner's motion to compel the government to file a response to his supplemental petition was denied as moot. This is the order from which defendant has appealed.

## II.

Before turning to the motion to correct sentence, we observe that defendant has raised several challenges to the government's forfeitures of real and personal property. While the initial § 2255 motion asked to set aside the forfeitures, the district court dismissed that request without prejudice on October 27, 1999. No appeal was taken from that decision. Nor was the question of the forfeitures raised in the motion for leave to file a supplemental petition under § 2255, which

---

[2]Although defendant continues to complain about the "career offender" admission, this argument completely ignores the applicable career offender provisions in U.S. Sentencing Guidelines Manual § 4B1.1, the fact that the sentencing transcript indicates that counsel investigated possible challenges to its application, and the undisputed fact that defendant had two prior felony drug convictions.

is the only order referenced in defendant's notice of appeal. Accordingly, we do not address defendant's claims of error concerning the forfeitures.

### A.   § 2255(1)

Defendant specifically argues on appeal that his original motion was timely filed under § 2255(1) because the judgment of conviction did not become final until after the expiration of both the ten-day period to file an appeal to this court and the 90-day period for filing a petition for certiorari to the United States Supreme Court. If he is correct, the § 2255 motion would have been filed within one year of the judgment of conviction. However, because defendant did not pursue a direct appeal from the judgment of conviction, he cannot rely on the 90-day period for seeking certiorari review of a judgment of the court of appeals to extend the date on which his conviction became final.[3]

As a general matter, a conviction becomes final for purposes of collateral attack at the conclusion of direct review. *See Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). If a § 2255 movant pursued his direct appeal through to a petition for certiorari in the Supreme Court, direct review is concluded when the Supreme Court either denies the petition or decides the case. *Id.* Apart from that situation, the courts have disagreed about when a conviction becomes final if the defendant has failed to appeal.

When a defendant does not seek certiorari review of the judgment entered by the court of appeals, his conviction becomes final under § 2255 either when the court of appeals mandate is filed, or when the time for seeking certiorari review expires. *Id.* n.3 (noting conflict). For example, in *United States v. Garcia*, 210 F.3d 1058, 1060 (9th Cir. 2000), a case relied on by defendant, Garcia had filed a direct appeal

---

[3]The relevant 90-day period for filing a petition for a writ of certiorari runs from entry of the judgment by the United States Court of Appeals. SUP. CT. R. 13.1.