UNITED STATES, Plaintiff–Appellee,

v.

Jon ZAVALIDROGA, Defendant–Appellant.

No. 01–10432.

D.C. No. CR–96–00146–MMS.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 9, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

412

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Former federal prisoner Jon Zavalidroga appeals pro se the district court's denial of his petition for writ of coram nobis, challenging his conviction for transmitting a threatening communication in interstate commerce in violation of 18 U.S.C. § 875(c). We have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing de novo, *see United States v. Walgren*, 885 F.2d 1417, 1420 (9th Cir.1989), we affirm.

Zavalidroga contends that the district court erred in denying his writ for coram nobis as time-barred under 28 U.S.C. § 2255, because he has never attacked his conviction pursuant to a § 2255 motion in the district court.

In this case, Zavalidroga raises the same claims he previously raised in a time-barred writ of mandamus while he was in federal custody.[1] Because Zavalidroga may not now circumvent § 2255's statute of limitations by filing a writ of coram nobis, the district court properly denied the instant writ. *Matus–Leva v. United States*, 287 F.3d 758, 761 (9th Cir.) (stating that a "petitioner may not resort to *coram nobis* merely because he has failed to meet the AEDPA's gatekeeping requirements."), *cert. denied*, — U.S. —, 123 S.Ct. 544, 154 L.Ed.2d 431 (2002).

To the extent Zavalidroga alleges that he did not file a timely petition because he relied on his appellate counsel's promise to file a § 2255 motion on his behalf, this claim fails. *See Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) (recognizing that a prisoner does not have a constitutional right to counsel on collateral review); *see also Wainwright v. Torna*, 455 U.S. 586, 587–588, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982) (per curiam) (deciding that a prisoner could not be deprived of effective assistance of counsel during a proceeding where there is no constitutional right to counsel).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *United States v. Zavalidroga*, No. 00–10324, 2 Fed. Appx. 787, 2001 WL 68337, at *1 (9th Cir.2001) (memorandum) (deciding that it would be futile to construe Zavalidroga's peti-

tions as motions under § 2255 because the statute of limitations had expired).

