**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Meredith A. SIMPSON, Defendant–
Appellant.**

**No. 02–6524.**

United States Court of Appeals,
Sixth Circuit.

Oct. 20, 2003.

Charles P. Wisdom, Jr., Asst. U.S. Attorney, Mark A. Wohlander, Asst. U.S. Attorney, U.S. Attorney's Office, Lexington, KY, for Plaintiff–Appellee.

Todd Bradbury, Lexington, KY, for Defendant–Appellant.

Meredith A. Simpson, pro se, Lexington, KY, for Defendant–Appellant.

Before KEITH, MARTIN, and SUTTON, Circuit Judges.

*ORDER*

Meredith A. Simpson appeals his conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously

agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Simpson pleaded guilty to attempted bank robbery in violation of 18 U.S.C. §§ 2113(a) & (d) and 2, and carrying and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. The district court sentenced Simpson to 181 months of imprisonment and 5 years of supervised release.

After sentencing, trial counsel moved to withdraw. The district court allowed counsel to withdraw and appointed replacement counsel to represent Simpson on appeal.

On appeal, Simpson's new attorney has filed a motion to withdraw and a brief indicating that there are no colorable issues to appeal. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Nevertheless, counsel suggests that Simpson may wish to argue that he was denied due process by the government's failure to provide discovery as required pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure and *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Simpson has responded by letter to counsel's motion to withdraw. In his letter, Simpson appears to claim that because he was not afforded the "full scope" of discovery, his guilty plea was unknowing and involuntary, and that he did not admit "all facts alleged in the plea agreement." He also appears to claim that trial counsel was ineffective.

An independent examination of the record reveals no issue that would support an appeal in this case. *See Anders,* 386 U.S. at 744.

Our review of the record reveals that Simpson pleaded guilty knowingly, intelligently, and voluntarily. A guilty plea is valid if it is entered knowingly, voluntarily, and intelligently, as determined under the totality of the circumstances. *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama,* 395 U.S. 238, 242–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The record should reflect a full understanding of the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

■ The record in this case clearly reveals that Simpson entered a valid guilty plea. The district court, by complying with the requirements of Fed.R.Crim.P. 11, properly determined that Simpson knowingly and voluntarily entered his guilty plea. Rule 11 ensures that a defendant pleading guilty understands his applicable constitutional rights, that his plea of guilty is voluntary with a full understanding of the nature of the crime charged and the consequences of his guilty plea, and that a factual basis exists for the crime to which the plea is being offered. *United States v. Goldberg,* 862 F.2d 101, 106 (6th Cir.1988). At the plea hearing, the district court very carefully reviewed with Simpson the rights he was waiving, his complete satisfaction with defense counsel's representation, and the maximum penalties he faced under the applicable statutes, including length of imprisonment and supervised release. The district court also reviewed the counts of the indictment to which Simpson was pleading guilty, and Simpson acknowledged his guilt by admitting under oath the facts establishing the essential elements of the offenses. Thus, the court met the requirements of Fed. R.Crim.P. 11. Consequently, the record reveals that Simpson knowingly and voluntarily pleaded guilty.

A voluntary and unconditional guilty plea waives all non-jurisdictional defects in

the proceedings. *United States v. Cottage*, 307 F.3d 494, 499 (6th Cir.2002); *United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir.2001); *see also Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) (holding that a defendant who has pled guilty waives his right to appeal constitutional violations that occurred prior to the guilty plea). Thus, because of the conclusion in the immediately preceding paragraph, the court must hold that Simpson's pro se "discovery" claim is waived, as is his claim that he did not admit "all facts alleged in the plea agreement."

The district court properly sentenced Simpson in accordance with the plea agreement, and Simpson did not object to the presentence investigation report that called for a sentencing range consistent with Simpson's plea agreement. Thus, he has forfeited any sentencing claims that he might have in the absence of plain error that affects his substantial rights. *United States v. Barajas–Nunez*, 91 F.3d 826, 830 (6th Cir.1996). Review of the sentencing calculation reveals no plain error.

To the extent that Simpson might wish to assert an ineffective assistance of counsel claim, that claim is not reviewable in this proceeding. Generally, ineffective assistance of counsel claims are not cognizable in a direct criminal appeal because the record is inadequate to permit review, and hence they are more properly raised in a motion to vacate under 28 U.S.C. § 2255. *See Massaro v. United States*, 538 U.S. 500, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *United States v. Shabazz*, 263 F.3d 603, 612 (6th Cir.2001); *United States v. Neuhausser*, 241 F.3d 460, 474 (6th Cir. 2001). Any ineffective assistance claim that Simpson might have would properly be raised in a motion to vacate his sentence under 28 U.S.C. § 2255, rather than

on direct appeal. *United States v. Allison*, 59 F.3d 43, 46–47 (6th Cir.1995).

Thus, our review of the record reveals no error warranting reversal of Simpson's conviction or sentence.

Accordingly, we hereby grant counsel's motion to withdraw and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.