UNITED STATES of America,
Plaintiff–Appellee,

v.

Warren L. POOLE, Jr., Defendant–
Appellant.

No. 02–4249.

United States Court of Appeals,
Sixth Circuit.

May 4, 2004.

Phillip J. Tripi, U.S. Attorney's Office, Cleveland, OH, for Plaintiff–Appellee.

Jacqueline A. Johnson, Fed. Public Defender, Federal Public Defender's Office, Cleveland, OH, for Defendant–Appellant.

Before KENNEDY, MARTIN, and ROGERS, Circuit Judges.

## ORDER

Warren L. Poole, Jr., appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Poole pleaded guilty to two counts of failure to pay child support in violation of 18 U.S.C. § 228(a)(1), a Class B misdemeanor. Poole pleaded guilty pursuant to a plea agreement by which he agreed to a sentence of five years of probation and restitution. The district court sentenced Poole to five years of probation and weekend incarceration. The district court also ordered Poole to pay restitution. Poole's sentence was subsequently modified, and the weekend incarceration was provisionally withdrawn under the condition of Poole gaining, maintaining, and verifying employment.

On appeal, Poole's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Poole has responded to his counsel's motion to withdraw by letter. In that letter, Poole

expresses his dissatisfaction with counsel's services and requests replacement counsel.

Upon review, we hereby grant counsel's motion to withdraw as it reflects that counsel has reviewed the entire record and proceedings and concluded that no grounds for appeal can be sustained. Although believing the appeal to be without merit, counsel submits the following issue for review: whether the government failed to prove an essential element of the offense of willful failure to pay child support.

Our independent review of the record reveals that Poole entered into a valid plea agreement. A plea is valid if it is entered knowingly, voluntarily, and intelligently, as determined under the totality of the circumstances. *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The record should reflect a full understanding of the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

The record in this case clearly reflects that Poole entered a valid guilty plea. The district court, by complying with the requirements of Fed.R.Crim.P. 11, properly determined that Poole knowingly and voluntarily entered his guilty plea. Rule 11 ensures that a defendant pleading guilty understands his applicable constitutional rights, that his plea of guilty is voluntary with a full understanding of the nature of the crime charged and the consequences of his guilty plea, and that a factual basis exists for the crime to which the plea is being offered. *United States v. Goldberg*, 862 F.2d 101, 106 (6th Cir.1988).

At the plea hearing, the district court very carefully reviewed with Poole the provisions of the plea agreement, the rights he was waiving, and the maximum penalties he faced under the applicable statute. The district court read the charges and explained the consequences of Poole's plea in terms of the possible length of sentence. Poole told the district court that he understood the charge and the consequences of his plea. Poole stated that he understood the rights he was waiving and acknowledged his guilt by admitting under oath the facts establishing the essential elements of the offenses. Thus, the court met the requirements of Fed.R.Crim.P. 11. Consequently, the record reveals that Poole knowingly, intelligently, and voluntarily pleaded guilty.

A voluntary and unconditional guilty plea waives all non-jurisdictional defects in the proceedings. *United States v. Cottage*, 307 F.3d 494, 499 (6th Cir.2002); *United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir.2001); *see also Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) (holding that a defendant who has pled guilty waives his right to appeal constitutional violations that occurred prior to the guilty plea). Thus, because of the conclusion in the immediately preceding paragraph, we hold that Poole's "essential element" claim is waived.

The district court properly sentenced Poole in accordance with the parties' plea agreement, and Poole did not object to the presentence report that set forth the sentencing option of five years of probation. The presentence report was consistent with Poole's guilty plea in this regard. Thus, he has forfeited any sentencing claims that he might have in the absence of plain error that affects his substantial rights. *United States v. Barajas–Nunez*, 91 F.3d 826, 830 (6th Cir.1996). Review of the sentence reveals no plain error.

To the extent that Poole might wish to assert an ineffective assistance of counsel

claim, that claim is not reviewable in this proceeding. Generally, ineffective assistance of counsel claims are not cognizable in a direct criminal appeal because the record is inadequate to permit review, and hence they are more properly raised in a motion to vacate under 28 U.S.C. § 2255. *United States v. Shabazz*, 263 F.3d 603, 612 (6th Cir.2001); *United States v. Neuhausser*, 241 F.3d 460, 474 (6th Cir.2001). The customary procedure is to permit the defendant to raise his ineffectiveness of counsel claim in a proper post-conviction proceeding under 28 U.S.C. § 2255, where, if necessary, additional evidence, including an evidentiary hearing, may be permitted. *Massaro v. United States*, 538 U.S. 500, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003); *United States v. Tucker*, 90 F.3d 1135, 1143 (6th Cir.1996). There exists no justification for departing from the customary procedure in this case.

We have further examined the record in this case, including the transcript of Poole's guilty plea and sentencing hearing, and found no reversible error apparent from the record.

Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit. We deny Poole's request for replacement counsel.