UNITED STATES of America,
Plaintiff–Appellant,

v.

Erwin Darrell NEWMAN,
Defendant–Appellee.

No. 97–50508.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 10, 1999.

Decided Feb. 9, 2000.

As Amended on Grant of Rehearing
March 9, 2000.

Ronald L. Cheng, Assistant United States Attorney, Los Angeles, California, for the plaintiff-appellant.

Korey House, Deputy Federal Public Defender, Los Angeles, California, for the defendant-appellee.

Before: BRUNETTI and TASHIMA, Circuit Judges, and SCHWARZER,[1] District Judge.

BRUNETTI, Circuit Judge:

The government appeals from the district court's decision granting Erwin Darrell Newman's habeas petition for credit towards his sentence for time spent at a

1. Hon. William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

residential drug treatment center while on pre-trial release. On June 5, 1995, the Supreme Court decided *Reno v. Koray*, 515 U.S. 50, 52, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995), which held that a defendant's prison sentence could not be reduced, pursuant to 18 U.S.C. § 3585(b), by the duration of his confinement to a community treatment center as a condition of his release on bail. The district court declined to apply *Koray*, which was decided after Newman's pre-trial release on bail to the drug treatment center and after he pled guilty but before he was sentenced, because it determined that the retroactive application of *Koray* to Newman's habeas petition would violate due process.

On August 26, 1994, Newman was indicted on the charge of unarmed bank robbery. A few weeks later, on September 13, 1994, he was released on a $10,000 secured bond with a condition of participating in residential drug treatment. On December 9, 1994, Newman pled guilty to the charge of unarmed bank robbery, and on July 17, 1995, he was sentenced to forty-six months imprisonment, three years supervised release, and a $50 special assessment. Pursuant to a request by Newman, service of the sentence was delayed until February 21, 1996 to allow him to complete the drug treatment program. However, on November 29, 1995, a warrant was sought for Newman's arrest because he had tested positive for cocaine use.

On October 28, 1996, Newman filed a letter with the court seeking an order awarding him sentence credit for the time spent on pre-trial release at the residential drug treatment program prior to June 5, 1995, the date *Koray* was issued by the Supreme Court. The district court treated Newman's letter challenging the Bureau of Prisons' calculation of credit for time served as a motion for habeas corpus under 28 U.S.C. § 2241. On August 26, 1997, the district court issued a written order granting Newman's credit request.

In reaching its decision, the district court reasoned that departure from the general rule that judicial decisions are to be applied retroactively was warranted under the three-factor test set forth in *United States v. Robinson*, 958 F.2d 268, 271 (9th Cir.1992). Under this test, an exception to the rule of retroactivity of judicial decisions was permitted where (1) the judicial decision established a new rule of law, (2) the retroactive application will retard the purposes of the rule in question, and (3) applying the new decision will produce substantial inequitable results. *Id.* Applying this test, the district court found that *Koray* established a new rule of law, retroactive application of *Koray* will produce substantial inequitable results, and any policy of uniformity of the new rule is outweighed by Newman's constitutional right to due process.

On appeal, both sides agree that the district court erred in relying on *Robinson*'s three-factor test. The government argues that *Robinson*'s three-factor test, which is the same test set forth by the Supreme Court in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), has been discredited by the subsequent Supreme Court decisions of *Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987), and *Harper v. Virginia Dept. of Taxation*, 509 U.S. 86, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993). We agree. *Griffith* held that a decision announcing a new constitutional rule of law is to be applied retroactively to all criminal cases pending on direct review, with no exception for cases in which the new rule constitutes a "clear break" from the past. 479 U.S. at 328, 107 S.Ct. 708. *Harper* expressly rejected *Chevron Oil*'s three-part test for exceptions to the general rule of retrospective effect for judicial decisions in the civil context. 509 U.S. at 97–98, 113 S.Ct. 2510. It held that when the Supreme Court "applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as

to all events, regardless of whether such events predate or postdate [the Supreme Court's] announcement of the rule." *Id.* at 97, 113 S.Ct. 2510.

■ Because habeas petitions are civil rather than criminal in nature, *Harper* appears to govern this case, although *Harper* dealt with "cases still open on direct review," and not specifically with habeas cases. 509 U.S. at 97, 113 S.Ct. 2510. Under *Harper,* the retroactive application of *Koray* to Newman's habeas petition is proper because *Koray* applied the federal rule decided in that case to the parties before it. *See Koray,* 515 U.S. at 65, 115 S.Ct. 2021; *see also Tanner v. Sivley,* 76 F.3d 302 (9th Cir.1996) (applying *Koray* retroactively without any discussion of the retroactive application issue).

■ Newman's argument that retroactive application of *Koray* would violate his due process rights is without merit. In *Bouie v. City of Columbia,* 378 U.S. 347, 352–55, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964), the Supreme Court held that an unforeseeable judicial enlargement of a criminal statute, applied retroactively, is barred by the due process clause. Here, Newman apparently contends that *Koray,* applied retroactively, would enlarge the penalty for his crime under section 3585(b) because it denies credit for time spent pretrial in residential drug treatment even though credit was available under Ninth Circuit precedent at the time Newman made his decision to post bail and participate in the drug treatment program. Other circuits have held that due process concerns of *Bouie* are implicated in " 'after-the-fact increases in the degree of punishment' as well as 'the ex post facto construction of substantive criminal statutes.' " *Johnson v. Kindt,* 158 F.3d 1060, 1063 (10th Cir.1998) (citing *Helton v. Fau-*

ver, 930 F.2d 1040, 1045 (3rd Cir.1991)). However, this court has limited *Bouie*'s application of due process principles to the latter situation.

In *United States v. Ruiz,* 935 F.2d 1033 (9th Cir.1991), the defendant claimed that he pled guilty to drug possession in reliance on a case which would have prohibited the aggregation of the quantity of drugs from another charged, but dropped, count in determining the base offense level for sentencing purposes. When the judicial decision was subsequently withdrawn and the district court declined to apply it at sentencing, the defendant claimed violation of his due process rights. This court found that the reversal of a prior incorrect interpretation of a statute and the district court's retroactive implementation of a sentencing scheme that the defendant did not expect was distinguishable from the retroactive application, barred by *Bouie,* of a judicial decision subsequently criminalizing actions that the defendant justifiably thought were legal at the time that he committed them. *Id.* at 1035–36. Accordingly, it held that the district court did not violate due process by refusing to follow the holding of the withdrawn case, even though the defendant relied upon the case in pleading. *Id.* at 1034–35, 1037–38. Likewise, in *United States v. Ricardo,* 78 F.3d 1411, 1416 (9th Cir.1996), this court held that the due process principles of *Bouie* are inapplicable where the decision to be retroactively applied does not expand the scope of criminal liability but, by interpreting a federal statute, "merely restricts the avenues a defendant may pursue to prevent enhancement of a sentence ... once criminal liability is no longer an issue." [2]

As in *Ruiz* and *Ricardo, Koray,* the judicial decision at issue here, does not

---

**2.** The cases cited by Newman, *LaGrand v. Stewart,* 133 F.3d 1253, 1260–61 (9th Cir. 1998) and *Poland v. Stewart,* 117 F.3d 1094, 1099–1101 (9th Cir.1997), for the proposition that the *Bouie* due process analysis extends to the sentencing context are distinguishable. They involve the retroactive effect of decisions construing aggravating factors for imposition

of the death penalty, a type of penalty subject to a higher degree of scrutiny than other sentencing decisions. *See California v. Ramos,* 463 U.S. 992, 998–99, 103 S.Ct. 3446, 77 L.Ed.2d 1171 (1983). Nor does *LaGrand* or *Poland* expressly overrule *Ruiz* or *Ricardo,* though *LaGrand* favorably cites *Ruiz.* 133 F.3d at 1260.

enlarge the scope of criminal liability. Rather, it interprets a federal statute concerning the calculation of the length of a term of imprisonment without reference to the issue of the defendant's criminal liability. Thus, the due process concerns raised by *Bouie* are inapplicable to this case. Moreover, even if *Bouie* applies here, no due process violation occurred because the decision in *Koray* was reasonably foreseeable given the circuit split on the meaning of section 3585(b). *See Ferrante,* 990 F.Supp. at 373 (listing circuit decisions reaching opposite result from the Ninth Circuit).

Accordingly, the district court's decision granting Newman credit for time spent in the community treatment center is REVERSED.

REVERSED.