Matthew F. HOLGERSON,
Petitioner–Appellant,

v.

Mike KNOWLES, Acting Warden,
Respondent–Appellee.

No. 01–15804.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 2002.

Filed Nov. 5, 2002.

Mark Shenfield, San Francisco, CA, for petitioner-appellant.

Catherine A. Rivlin, Supervising Deputy Attorney General, State of California, San Francisco, CA, for respondent-appellee.

Before: WALLACE, KOZINSKI and PAEZ, Circuit Judges.

WALLACE, Senior Circuit Judge.

Matthew F. Holgerson appeals from the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. He argues that California's decision to count his out-of-state convictions as strikes when it sentenced him under California's three-strikes law denied him due process. The district court had jurisdiction under 28 U.S.C. § 2254(a). It concluded that Holgerson was not entitled to habeas relief and denied the petition. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 2253. We review de novo a district court's denial of habeas relief under section 2254, *Alvarado v. Hill*, 252 F.3d 1066, 1068 (9th Cir.2001), and affirm.

## I.

In October, 1995, Holgerson broke into a home in Hillsborough, California, and he was discovered by a resident. He told the resident that he was desperate and asked for money. After giving Holgerson $63, the resident led him to the door. Holgerson said he was hungry and went to the kitchen, took some ice cream, tortilla chips, and a jar of coffee and then left the house.

An information was filed in California Superior Court charging Holgerson with one count of first degree robbery and two counts of first degree burglary. It also alleged that Holgerson had four prior strikes under California Penal Code § 1170.12. Holgerson entered a plea of no contest to one count of first degree burglary, and the prosecutor, in exchange, dropped the two remaining counts. The strike and other enhancement allegations were then submitted to the court, which found three of the four strike allegations to be true. One of the strikes was for a prior California conviction; the other two were for convictions in Washington State. Holgerson was then sentenced under section 1170.12 to a term of twenty-five years to life. While his direct appeal was pending, the California Supreme Court determined that an out-of-state conviction counted as a strike under section 1170.12. *People v. Hazelton,* 14 Cal.4th 101, 58 Cal.Rptr.2d 443, 926 P.2d 423 (1996).

After exhausting state remedies, Holgerson filed a petition for a writ of habeas corpus in the district court. He argued that his due process rights had been violated because he did not have fair notice at the time he committed the Hillsborough burglary that his Washington state convictions would count as strikes.

## II.

We will reverse the district court only if affirming his judgment of conviction "was contrary to, or involved an unreasonable application of, clearly established Federal law...." 28 U.S.C. § 2254(d)(1). The clearly established law that Holgerson invokes is the Fourteenth Amendment's requirement that he be given fair warning that his conduct is criminal. *Bouie v. City of Columbia,* 378 U.S. 347, 350, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964); *Rogers v. Tennessee,* 532 U.S. 451, 457, 121 S.Ct. 1693, 149 L.Ed.2d 697 (2001).

Holgerson argues that he did not have fair warning because it was unforeseeable at the time he committed the Hillsborough burglary that his earlier out-of-state convictions would count as strikes under section 1170.12. Section 1170.12's definition of a felony conviction has three parts. The first part states that prior felony convictions include violent felonies and serious felonies, both of which are defined elsewhere in the code. Cal.Penal Code § 1170.12(b)(1). The second part states that a prior felony conviction includes an out-of-state conviction that would warrant a sentence in state prison if committed in California. *Id.* § 1170.12(b)(2). The third part includes certain juvenile convictions and is not relevant here. *Id.* § 1170.12(b)(3).

Section 1170.12 has one-strike and two-strike provisions. The one-strike provision applies to defendants with one prior felony conviction-presumably as defined in sections 1170.12(b)(1)-(3). The two-strike provision, however, applies only to a person with two or more prior felony convictions as defined in section 1170.12(b)(1), the first part of the felony conviction definition. Cal.Penal Code § 1170.12(c)(2)(A). At the time of the Hillsborough burglary, it was an open question whether the two-strike provision's failure to refer to the second part of the felony conviction definition—the out-of-state conviction portion—meant that the two-strike provision applied only to in-state convictions.

Subsequent to the Hillsborough burglary, the California Supreme Court addressed this question in *Hazelton*, 58 Cal. Rptr.2d 443, 926 P.2d at 425–26. It held that out-of-state convictions counted as strikes under the two-strike portion of section 1170.12. *Id.* at 427. Although the provision, on its face, was ambiguous, the Court decided that the history of the voter initiative it was based on suggested that it was intended to have the same scope as an earlier legislative three-strikes law that unambiguously counted out-of-state convictions. *Id.* at 426–27; *see* Cal.Penal Code § 667(e)(2)(A).

■ The question before us is not whether the California Supreme Court was correct. We are bound by California's interpretation of its state law. *See McSherry v. Block*, 880 F.2d 1049, 1052 (9th Cir. 1989). Our question is whether California's decision to affirm Holgerson's judgment of conviction was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). If the Supreme Court has not clearly established that an after-the-fact increase in a prisoner's sentence by judicial construction implicates the Fourteenth Amendment's Due Process guarantee, the California courts' decision does not require relief under section 2254.

The seminal case on this subject is *Bouie v. City of Columbia*, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964). In *Bouie*, two black college students were arrested after they seated themselves in a South Carolina restaurant that served only whites. After the students were seated, an employee placed a "no trespassing" sign in the store. The students were asked to leave but refused. They were arrested and ultimately convicted of criminal trespass under a statute that prohibited the "entry upon the lands of another ... after notice from the owner ... prohibiting such entry." *Id.* at 349, 84 S.Ct. 1697. The students appealed their convictions, arguing that they were not given notice before they entered, as required by the statute. *Id.* at 350, 84 S.Ct. 1697. The South Carolina Supreme Court affirmed their convictions, construing "the statute to cover not only the act of entry ... after receiving notice not to enter, but also the act of remaining on the premises ... after receiving notice to leave." *Id.*

The United States Supreme Court reversed the convictions on due process grounds. It concluded that South Carolina's interpretation of the trespass statute should not have been given retroactive effect because it was "unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue...." *Id.* at 354(internal quotation marks omitted).

Holgerson argues that *Hazelton*, like South Carolina's construction of the statute in *Bouie*, is an unforeseeable retroactive judicial expansion of the state law. The California Supreme Court made a strong case in *Hazelton* that its decision involved no such retroactive expansion. However, even if we were to assume that *Hazelton* retroactively expanded the law, we would still be unable to conclude that *Bouie* controls. In *United States v. Newman*, 203 F.3d 700, 703(9th Cir.2000), we held that *Bouie* applied only to after-the-fact increases in the scope of criminal liability and not to retroactive sentence enhancements. In *Newman*, the defendant asked the district court to apply time he spent in drug treatment while on pre-trial release to his sentence. After the defendant pled guilty but before he was sentenced, the Supreme Court in *Reno v. Koray*, 515 U.S. 50, 52, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995), held that the time a defendant spent in drug treatment before

trial could not be applied to reduce his sentence. Because the defendant had already pled guilty by the time *Koray* had been decided, the district court declined to apply *Koray* retroactively to the defendant's case. We reversed. Even though other circuits had applied *Bouie* to after-the-fact sentence increases, we concluded that *Bouie* did not apply because *Koray* had not "enlarge[d] the scope of [the defendant's] criminal liability"; it increased only the length of his sentence. *Newman*, 203 F.3d at 703.

The complained-of judicial enlargement in this case is comparable to the one in *Newman*. Section 1170.12 does not prohibit conduct that was legal prior to its passage; rather, it fixes sentencing ranges for already illegal conduct when the defendant convicted of that conduct has two or more prior strikes. Cal.Penal Code § 1170.12(c)(2)(A). Holgerson argues that *Rogers v. Tennessee*, 532 U.S. 451, 121 S.Ct. 1693, 149 L.Ed.2d 697 (2001), demonstrates that *Bouie* applies to sentence enhancements. *Rogers* applied *Bouie*'s fair-warning test to the Tennessee Supreme Court's retroactive abolition of the common law year-and-a-day rule, which provided that no defendant could be guilty of murder unless the victim died within a year and a day of the defendant's act. *Rogers*, like *Bouie*, involved the validity of a conviction not the validity of a sentence. Nothing in *Rogers* demonstrates that *Newman* is no longer good law. Because the Supreme Court has not decided whether the due process fair warning requirement outlined in *Bouie* applies to after-the-fact sentence increases, California's affirming his judgment of conviction was not "contrary to, or … an unreasonable application of, clearly established Federal law, as determined by the Supreme Court. …" 28 U.S.C. § 2254(d)(1).

We need not decide whether *Bouie* applies to the California Supreme Court's decision in *Hazelton*. We rely on *Newman* merely for our conclusion that the argument Holgerson posits (that due process bars judicial after-the-fact increases in punishment as well as after-the-fact increases in the scope of criminal liability) has not been clearly established by the Supreme Court.

Holgerson's Motion for Appointment of Counsel Nunc Pro Tunc is granted.

AFFIRMED.