Herbert Dean WOLFF, Petitioner—
Appellant,

v.

A.C. NEWLAND, Respondent—
Appellee.

No. 02–16262.

D.C. No. CV–00–03619–SI.

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 2003.*

Decided May 23, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before HAWKINS and W. FLETCHER, Circuit Judges, and KING,** Senior District Judge.

### MEMORANDUM ***

Appellant Herbert Dean Wolff contends that California Evidence Code § 1108, which allows the introduction of uncharged prior sex offenses in sex crime prosecutions, violates the Constitution's Due Process Clause. Because Wolff's claim is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Wolff must show that the state court's decision upholding the constitutionality of § 1108 was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The Due Process Clause has limited operation "beyond the specific guarantees enumerated in the Bill of Rights." *Dowling v. United States,* 493 U.S. 342, 352, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990). State law violates the Due Process Clause only if "it offends some principle of justice so

rooted in the traditions and conscience of our people as to be ranked as fundamental." *Montana v. Egelhoff,* 518 U.S. 37, 43, 116 S.Ct. 2013, 135 L.Ed.2d 361 (1996). Contrary to Wolff's assertions, it is not "clearly established Federal law" that the admission of propensity evidence violates due process. Indeed, the Supreme Court has expressly left open that very question. *Estelle v. McGuire,* 502 U.S. 62, 75 n. 5, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *see Holgerson v. Knowles,* 309 F.3d 1200, 1202 (9th Cir.2002) (habeas relief not warranted unless due process violation clearly established by the Supreme Court).

Moreover, in analyzing an analogous Federal Rule of Evidence, we specifically reject the argument that the long-standing ban on the admission of propensity evidence qualifies as a "fundamental" principle of justice, at least when it comes to sex offenses. *United States v. LeMay,* 260 F.3d 1018 (9th Cir.2001) (upholding constitutionality of Fed.R.Evid. 414). We noted that although the general ban on propensity evidence had existed for centuries, courts had "routinely allowed propensity evidence in sex-offense cases, even while disallowing it in other criminal prosecutions." *Id.* at 1025. Agreeing with the Eighth and Tenth Circuits, we thus concluded that admission of other acts evidence pursuant to Rule 414 did not violate due process, so long as the evidence was also subjected to the balancing test of Rule 403. *Id.* at 1026.

California's Rule 1108 was modeled after the Federal Rules, and contains an express requirement that courts balance the probative value of the evidence against its prejudicial effect. The decision of the California court in Wolff's case was thus not

---

** The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

contrary to clearly established Supreme Court precedent.

AFFIRMED.