**David A. KEENEY, Petitioner— Appellant,**

v.

**E.K. MCDANIEL; Frankie Sue Del Papa, Respondents—Appellees.**

No. 02–16482.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2003.*

Decided June 6, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before: HAWKINS, W. FLETCHER, Circuit Judges, and KING, Senior District Judge.**

MEMORANDUM ***

## I. Other Crimes Evidence

■ Appellant David A. Keeney ("Keeney") contends that his state conviction for sexual assault was obtained in violation of his due process rights because of the introduction of prior bad act evidence. Because his claim is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Keeney must show that the state court's decision affirming the introduction of the evidence was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The Nevada Supreme Court found that the testimony regarding a similar incident of Keeney's sexual misconduct towards a minor was properly admitted to show intent and a common scheme or plan, and that the probative value of the evidence outweighed the prejudicial effect. The admissibility of the evidence under Nevada law, however, is not subject to attack through habeas proceedings; this court can only correct Constitutional violations. Keeney contends, in essence, that despite limiting instructions to the contrary, the evidence was only useful to prove propensity to commit a crime, and that such a use violates due process.

Even if we were to assume that Keeney is correct that the evidence was used only to prove propensity, it is not "clearly established Federal law" that the admission of propensity evidence violates due process. Indeed, the Supreme Court has left open that very question. *Estelle v. McGuire,* 502 U.S. 62, 75 n. 5, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *see Holgerson v. Knowles,* 309 F.3d 1200, 1202 (9th Cir.2002) (habeas relief not warranted unless due process violation clearly established by the Supreme Court). Furthermore, courts have "routinely allowed propensity evidence in sex-offense cases, even while disallowing it in other criminal prosecutions." *United States v. LeMay,* 260 F.3d 1018, 1025 (9th Cir.2001) (upholding constitutionality

** The Honorable Samuel P. King, Senior District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

of Fed.R.Evid. 414, which permits introduction of prior bad acts in sex offense prosecutions). Thus, we cannot say that admission of the evidence was "contrary to, or involved an unreasonable application of, clearly established Federal law."

## II. Denial of Request to Examine Victims

■ Keeney argues also that he was denied the right to prepare and present a complete defense because the state court refused his request to require additional medical and psychological testing of the child victims. Keeney made his request nearly a year and a half after the events occurred. The children had been examined within two days of the alleged incident, and the medical examination corroborated their stories of sexual abuse. Two mental health providers also had examined the children shortly after the alleged incident and opined that the children had been victims of recent sexual assaults.

The Nevada Supreme Court found that Keeney offered "no compelling reason for requiring the children to undergo further mental or physical examinations." Although the Due Process Clause guarantees a "meaningful opportunity to present a complete defense," *California v. Trombetta*, 467 U.S. 479, 485, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984), it does not demand that every request by the defendant be honored. Keeney does not suggest what additional physical evidence could have been gleaned from a physical examination so long after the incident occurred. Because all the contemporaneous examinations were consistent with and corroborated the children's stories, there was no indication that an emotional disorder might be affecting the children's veracity. Moreover, the children and the medical professionals who examined them testified at trial and were subject to cross-examination by Keeney. Due process did not require subjecting the children to further testing. *See Gilpin v. McCormick*, 921 F.2d 928, 931–32 (9th Cir.1990) (state court refusal to compel child sexual assault victim to undergo psychiatric examination did not violate due process). There is no "clearly established Federal law" to the contrary.

## III. Denial of Motion to Dismiss

The district court granted Keeney's request for a certificate of appealability ("COA") on the question of whether the trial court's refusal to grant his motion to dismiss based on the destruction of tape recorded interviews of the victims violated due process. Keeney notes in his opening brief that the COA included this claim, but failed to argue this claim in either his opening or reply brief. He therefore has waived this claim. *United States v. Nunez*, 223 F.3d 956, 958–59 (9th Cir.2000).

AFFIRMED.