**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Oscar MCMURRAY, Defendant— Appellant.**

No. 02–30426.
D.C. No. CR–02–00115–HA.

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2003.*

Decided June 23, 2003.

Before RYMER, THOMAS, and SILVERMAN, Circuit Judges.

### MEMORANDUM**

Oscar McMurray appeals the 40–month supervised release term imposed following revocation of his initial supervised release term. McMurray contends that the imposition of the additional term of supervised release violated his Fourteenth Amendment right to due process. We have jurisdiction under 28 U.S.C. § 1291. Because McMurray did not raise this issue in the district court, we review for plain error, *see United States v. Antonakeas*, 255 F.3d 714, 727 (9th Cir.2001), and we affirm.

When McMurray originally was placed on supervised release in 1993, a district court could not revoke a defendant's supervised release term, and impose both a new term of incarceration and another term of supervised release. *See United States v. Behnezhad*, 907 F.2d 896, 898 (9th Cir.1990) (interpreting version of 18 U.S.C. § 3583 in effect in 1990). McMurray concedes that *Behnezhad* has been overruled by the Supreme Court. *See Johnson v. United States*, 529 U.S. 694, 712, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000) (holding that the version of 18 U.S.C. § 3583(e) in effect before 1994 allowed a sentencing court to impose both a term of imprisonment and a term of supervised

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

release upon revocation of a supervised release term).

Nevertheless, relying on *Bouie v. City of Columbia,* 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964), McMurray contends that he was denied due process because the Supreme Court's decision in *Johnson* constituted judicial construction of a criminal statute that was "unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue." *See Bouie,* 378 U.S. at 354, 84 S.Ct. 1697. We disagree. *Johnson* did not expand the scope of McMurray's criminal liability and instead "merely restricts the avenues [he] may pursue to prevent enhancement of a sentence ... once criminal liability is no longer an issue." *See United States v. Ricardo,* 78 F.3d 1411, 1416 (9th Cir.1996). Moreover, the Supreme Court's decision in *Johnson* was "reasonably foreseeable given the circuit split on the meaning of Section [3583(e)]." *See United States v. Newman,* 203 F.3d 700, 702 (9th Cir.2000).

Accordingly, we find no error in the district court's imposition of a new term of supervised release on McMurray.

AFFIRMED.