**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Donald W. JOHNSON, aka Jong Do Don, Defendant—Appellant.**

No. 04–50251.

D.C. No. CR–90–00343–RMB.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 3, 2004.*

Decided Nov. 8, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

Carol C. Lam, Asst. U.S. Atty., Lawrence E. Spong, USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Elizabeth M. Barros, Federal Public Defender, FDCA–Federal Defender's of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before FERNANDEZ, SILVERMAN, and CALLAHAN, Circuit Judges.

### MEMORANDUM**

■ On November 13, 2000, Appellant Donald Johnson was found in violation of supervised release, and sentenced to 29–months imprisonment to be followed by 30 months of supervised release. On May 10, 2004, Johnson was again found in violation of supervised release, and sentenced to a term of 8–months' incarceration, followed by 23 months of supervised release. He

now appeals both revocations of supervised release. Because Johnson did not timely appeal the November, 2000 revocation, we have no jurisdiction to review it. Fed. R.App. P. 4(b). We have jurisdiction over Johnson's timely appeal of the district court's May 10, 2004 revocation of his supervised release under 28 U.S.C. § 1291, and we affirm.

We review ex post facto claims and sufficiency of due process at a revocation proceeding de novo. *Hunter v. Ayers,* 336 F.3d 1007, 1011 (9th Cir.2003); *United States v. Havier,* 155 F.3d 1090, 1092 (9th Cir.1998).

■ Because the parties are familiar with the facts, we recite them only as necessary for this decision. Johnson argues that his sentence runs afoul of the Ex Post Facto Clause. At the time of his conviction in 1990, we had held that under 18 U.S.C. § 3583, a defendant could not be sentenced to a term of incarceration followed by supervised release upon revocation of a previous supervised release term. *United States v. Behnezhad,* 907 F.2d 896 (9th Cir.1990). However, in 2000, the Supreme Court overruled our interpretation of § 3583, and held in *Johnson v. United States,* 529 U.S. 694, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000), that both custody and an additional term of supervised release could be imposed. Relying on *Bouie v. City of Columbia,* 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964), Johnson now argues that the Supreme Court's decision in *Johnson* amounts to an "unforeseeable judicial enlargement of a criminal statute." We disagree.

In *United States v. Newman,* 203 F.3d 700 (9th Cir.2000), we held that the due process concerns raised by *Bouie* are inapplicable when a subsequent judicial deci-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sion does not enlarge the scope of criminal liability. Johnson's underlying criminal liability remains unaffected by the Supreme Court's clarification of the meaning of § 3583. His actions were clearly criminal in 1990, and remain criminal today. We conclude that there is no ex post facto violation here.

■ Johnson further argues that the district judge, in revoking his supervised release, relied in part on hearsay evidence in violation of Johnson's Confrontation Clause rights. Johnson points to a letter from a Central District probation officer that was admitted into evidence, which contained statements made by a hotel employee at the Executive Inn hotel.

Although the Federal Rules of Evidence do not apply to a supervised release revocation hearing, *United States v. Walker*, 117 F.3d 417, 421 (9th Cir.1997), a defendant has the right to due process and the right to confront and cross examine adverse witnesses at a revocation hearing. *United States v. Comito*, 177 F.3d 1166, 1170 (9th Cir.1999). Hearsay evidence may be admissible if the court conducts a balancing test and determines that the defendant's interest in his confrontation rights is outweighed by the government's cause for denying them. *Id.*

The district court did not conduct a balancing test in admitting the letter. To the extent that the district court admitted the letter on the basis that it is a business record, we agree with Johnson that the district court erred in admitting the letter into evidence in its entirety. While portions of the letter that address Johnson's failure to appear for drug testing are admissible, the fourth paragraph contains statements by an employee at the Executive Inn in Anaheim which do not fall within this exception. *See* Fed.R.Evid. 803(6), Advisory Committee Note to Paragraph 6 (if "the supplier of the information [in the business record] does not act in the regular course [of business], an essential link is broken" and the exception does not apply); *United States v. Johnson*, 297 F.3d 845, 863 (9th Cir.2002).

■ However, we conclude that the district court's error was harmless. The admissible portion of the letter, along with the probation officer's testimony at the hearing, established Johnson's failure to appear for drug testing. Johnson's refusal to comply with drug testing imposed upon him is grounds alone for mandatory revocation of supervised release. 18 U.S.C. § 3583(g)(3).

**AFFIRMED.**