Alejandro Jose CASTILLO,
Petitioner—Appellant,

v.

E.K. MCDANIEL; Frankie Sue Del
Papa, Respondents—Appellees.

No. 03–16161.
D.C. No. CV–99–00684–DWH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2004.

Decided Jan. 10, 2005.

Anne R. Traum, Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Alejandro Jose Castillo, Ely, NV, Heather Procter, Office of the Nevada Attorney General, Carson City, NV, for Respondent–Appellee.

Before O'SCANNLAIN, COWEN,* and BEA, Circuit Judges.

## MEMORANDUM**

Nevada state prisoner Alejandro Jose Castillo appeals from the District Court's Order denying his pro se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Castillo's Amended Petition challenges on multiple grounds his state conviction by guilty plea for sexual assault and battery with intent to commit sexual assault.

The District Court granted a certificate of appealability ("COA") on one issue and denied it with respect to all others.[1] The certified issue on appeal is "[w]hether this [District] court's decision denying Castillo's federal habeas petition should be reversed because the state court violated his federal Due Process rights by allowing him to be certified for adult criminal proceedings under the pre–1991 version of NRS 62.080." (E.O.R. at 681) (capitalization altered).

Castillo contends that the certified issue encompasses two sub-issues, namely (1) whether the state court violated Castillo's Due Process rights by failing to retroactively apply the amended version of Nevada Revised Statute ("NRS") 62.080 (as amended in 1991) to his case; and (2) whether the state court violated Castillo's Due Process rights by interpreting the pre–1991 version of NRS 62.080 to permit certification of Castillo as an adult. Although the parties have briefed both sub-issues, the District Court's COA solely includes the latter. Accordingly, we will not entertain Castillo's claim regarding the state court's failure to apply the amended version of NRS 62.080. Although the certified claim is unexhausted, we deny it on the merits and accordingly affirm the District Court's denial of Castillo's petition.

## I.

The facts are known by the parties and need not be recited here.

## II.

We review the District Court's findings of fact for clear error, see *Moran v. McDaniel*, 80 F.3d 1261, 1268 (9th Cir. 1996), and its decision to deny habeas corpus relief *de novo*, see *Santamaria v. Horsley*, 133 F.3d 1242, 1244 (9th Cir.) (en banc), *amended by*, 138 F.3d 1280 (1998). We may affirm on any ground supported by the record, even if it differs from the rationale of the District Court. *Moran*, 80 F.3d at 1268.

Castillo's petition, filed April 9, 2001, is subject to the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). For

---

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We deny Castillo's outstanding Supplemental Application for Broader Certificate of Appealability. None of the additional issues upon which Castillo seeks a COA involve matters that are debatable among reasonable jurists. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Castillo to obtain relief, this Court must find that the Nevada court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or was based on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1), (d)(2).

### III.

*A. Claims Encompassed Within the COA*

■ The issues that may be considered on appeal are limited to those specified in the COA. *Hiivala v. Wood*, 195 F.3d 1098, 1103 (9th Cir.1999), *cert. denied*, 529 U.S. 1009, 120 S.Ct. 1281, 146 L.Ed.2d 228 (2000). The certified issue on appeal is whether the "state court violated [Castillo's] federal Due Process rights by allowing him to be certified for adult criminal proceedings under the pre–1991 version of NRS 62.080." (E.O.R. at 681) (capitalization altered).

The parties apparently interpret this certification to include both Castillo's claim that the state court's failure to apply the amended version of NRS 62.080 retrospectively to his case violated Due Process and his claim that the pre–1991 version of NRS 62.080 that was actually applied to his case was interpreted by the state court in such an unforeseeable manner as to constitute a denial of Due Process (also referred to as "the *Bouie*[2] claim"). The plain language of the certified issue as expressed by the District Court appears to encompass both claims.

In concluding that "he is entitled to a certificate of appealability for one issue," (E.O.R. at 678), however, the District Court further elaborated:

In denying Ground A [of Castillo's Amended Petition], this court determined that setting aside the Nevada courts' interpretation and application of Nevada's statutory provisions was beyond its purview unless there was an error of state law so egregious that it amounts to a denial of due process of law guaranteed by the Fourteenth Amendment. *Pulley v. Harris*, 465 U.S. 37, 41–42, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984). In making this determination, however, this court focused on state courts' refusal to retroactively apply the adult certification amendment to Castillo's case. This court failed to address whether the state court violated Castillo's due process rights in the first instance by allowing him to be certified for adult criminal proceedings under the pre-amendment version of the statute. Considering this question under the *Pulley* standard, the court again funds that the Nevada Supreme Court did not commit an error of state law so grievous [sic] that it constituted a violation of Castillo's federal right to due process. However, reasonable jurists would at least find this determination debatable. Thus, Castillo will be granted a certificate of appealability on this issue.

(E.O.R. at 680.) The District Court's explanation clearly signals its intention to certify only the *Bouie* claim.

A review of the entirety of the District Court's Order granting Castillo a COA reveals that the COA includes only the *Bouie* claim. Accordingly, this is the only claim we may properly consider.

*B. Exhaustion*

■ The government argues that the *Bouie* claim is not exhausted.[3] For the following reasons, we agree.

---

**2.** *Bouie v. City of Columbia*, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964).

**3.** The government also contends that the *Bouie* claim was not presented to the District

In his direct appeal from his conviction and sentence, Petitioner claimed that the state court's failure to retrospectively apply the 1991 amendment to NRS 62.080 to his case violated his federal Due Process rights. (E.O.R. at 206, 222–228.) The government does not contend otherwise. This claim, however, is distinct from a claim under *Bouie* that the state court violated Castillo's Due Process rights in the first instance by interpreting the pre–1991 version of NRS 62.080 unforeseeably to permit certification of Castillo as an adult.[4]

Federal habeas corpus petitioners are required to exhaust available state remedies before their petitions can be granted in federal court. 28 U.S.C. § 2254(b). A claim is deemed unexhausted until the petitioner unsuccessfully presents his constitutional claim to the highest available state court through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir.2004); *Garrison v. McCarthy*, 653 F.2d 374, 376 (9th Cir.1981). Claims are successfully exhausted if "a petitioner presents his claim to the highest state court and that court disposes of the claim on the merits." *Hayes v. Kincheloe*, 784 F.2d 1434, 1437 (9th Cir.1986), *cert. denied*, 484 U.S. 871, 108 S.Ct. 198, 98 L.Ed.2d 150 (1987).

Because the exhaustion doctrine is founded on principles of comity, a state prisoner must give the state courts a *"fair opportunity to act"* on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995). Accordingly, "[t]he state prisoner must describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon the constitutional claim." *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir.), *cert. denied*, 538 U.S. 1042, 123 S.Ct. 2094, 155 L.Ed.2d 1077 (2003) (internal quotation marks omitted). In this Circuit:

> "[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." To "fairly present" a federal claim to state courts, Shumway "had to alert the state courts to the fact that [she] was asserting a claim under the United States Constitution."

Court. A liberal reading of Castillo's *pro se* Amended Petition supports the determination that Castillo adequately raised the claim. Even if he had not, however, the District Court explicitly addressed in its Order granting a COA a claim that the state court violated Castillo's Due Process rights by imposing in his case an unforeseeable interpretation of the pre–1991 version of NRS 62.080. *See Selam v. Warm Springs Tribal Corr. Facility*, 134 F.3d 948, 952 (9th Cir.1998) ("When asked to entertain a new claim raised on appeal, we have declined to do so where the habeas petitioner did not include it in his petition to the district court, *and the district court did not address it below.*") (internal quotation marks omitted) (emphasis in original).

4. In setting forth the distinctions between the argument Castillo pressed on direct appeal to the Nevada Supreme Court and the *Bouie* argument asserted before us, the government mischaracterizes the nature of Castillo's *Bouie* claim. Castillo is not arguing that the state court's construction of the amended version of NRS 62.080 was so unforeseeable as to deprive him of Due Process; rather, Castillo contends that the state court's construction of the pre–1991 version of NRS 62.080, which allowed him to be certified as an adult, was so egregious as to violate his Due Process rights.

. . . .

Shumway's naked reference to "due process" in Issue I was insufficient to state a federal claim. "[I]t is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court."

*Shumway v. Payne,* 223 F.3d 982, 987 (9th Cir.2000) (internal citations omitted).

It cannot be disputed that the due process claim Castillo presented to the Nevada Supreme Court on direct review cannot be read to include the *Bouie* claim. Castillo contends, however, that his *Bouie* claim was raised to the Nevada Supreme Court on state post-conviction collateral attack.

A review of Castillo's briefs to the Nevada Supreme Court on state post-conviction collateral attack discloses, however, that the alleged *Bouie* violation was couched as the underlying portion of an ineffective assistance of counsel claim. Specifically, Castillo framed his claim as follows: "Mr. Castillo's Counsel Was Ineffective in Failing to Challenge the Nevada Supreme Court's ex Post Facto Judicial Legislation Creating a One-time Exception to The Law Certifying Mr. Castillo as an Adult for Offenses Committed Prior to The Age of Sixteen Years Old." (E.O.R. at 321, 338–341, 484–487.) Although the accompanying argument in Castillo's reply brief avers that his counsel was ineffective for not challenging on *Bouie* grounds the state court's interpretation of the pre–1991 version of NRS 62.080, (E.O.R. at 484–487), it is clear that the claim presented to the Nevada Supreme Court on collateral attack involved an alleged violation arising directly under the Sixth Amendment, and

not the Fourteenth Amendment.[5] Accordingly, Castillo never squarely presented the *Bouie* claim to the Nevada Supreme Court.

This interpretation of the fair presentation requirement finds support in the caselaw. As a general proposition, "mere similarity of claims is insufficient to exhaust." *Duncan,* 513 U.S. at 366. In addition, we have clarified that the petitioner must characterize the claims raised in state proceedings "*specifically* as federal claims." *Lyons v. Crawford,* 232 F.3d 666, 670 (2000), *as modified by* 247 F.3d 904 (9th Cir.2001) (emphasis in original). We recently held in *Kelly v. Small,* 315 F.3d 1063 (9th Cir.), *cert. denied,* 538 U.S. 1042, 123 S.Ct. 2094, 155 L.Ed.2d 1077 (2003), that the petitioner failed to exhaust his claim that counsel was ineffective for not filing a motion to recuse the prosecutor based on alleged misconduct, conflict of interest, and personal animus. Although petitioner exhausted the claim that trial counsel was ineffective for failing to object to these problems, and the grounds underlying the claim of ineffective assistance for failure to file a motion to recuse were nearly identical, we nevertheless characterized them as separate constitutional claims. 315 F.3d at 1068 & n. 2.

The Sixth Circuit confronted a similar issue in *Lordi v. Ishee,* 384 F.3d 189 (2004). The petitioner in that case claimed in his federal habeas petition that he was deprived of an impartial jury in violation of the Sixth Amendment due to the trial court's refusal to inquire into potential juror bias. *Id.* at 193. His petition conceded, however, that his appellate counsel did not properly raise the juror bias issue

---

5. Indeed, the Nevada Supreme Court never explicitly addressed the underlying Due Process violation in disposing of Castillo's post conviction state petition. The court instead summarily concluded that "the district court did not err in determining that appellant [Castillo] failed to demonstrate that his counsel's performance was unreasonable or that he was prejudiced by counsel's performance." (E.O.R. at 492.)

on direct appeal. *Id.* at 194. The petitioner attempted to avoid this procedural default by characterizing the state appellate court's disposition of his post-conviction ineffective assistance of counsel claim as a ruling on the merits of the juror bias issue, which would have enabled the federal court to review it on habeas. *Id.* The Sixth Circuit refused to accept this argument. "By addressing the prejudice of an ineffectiveness claim a court does not bind itself into ruling on the claim's underlying merits." *Id.* These cases support the holding that, for purposes of exhaustion, an ineffective assistance of counsel claim is separate and independent from the underlying constitutional violation upon which it is based.

"Just as setting forth the operative facts is a prerequisite [to successfully exhaust] under *O'Sullivan* and *Harless,* so is setting forth the federal legal theory (and doing so specifically) under *Lyons.*" *Kelly,* 315 F.3d at 1069 (citing *Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982)). Castillo did not squarely present his federal claim to the Nevada Supreme Court, either on direct review or on post-conviction collateral attack. Accordingly, it is unexhausted.

## IV.

■ Pursuant to 28 U.S.C. § 2254(b)(2), "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." Turning to the merits of Castillo's *Bouie* claim, it is clear that the state court's interpretation of the pre-1991 version of NRS 62.080 to permit certification of Castillo as an adult was not a deprivation of Due Process.

Castillo was fifteen years old at the time he committed sexual assault and battery with the intent to commit sexual assault.

Several weeks later, he turned sixteen years old, and the state moved to certify him as an adult and transfer him to state district court.

At that time, the version of NRS 62.080 in effect provided in pertinent part:

> If a child 16 years of age or older is charged with an offense which would be a felony if committed by an adult, the juvenile division of the district court, after full investigation, may in its discretion retain jurisdiction or certify the child for proper criminal proceedings to any court which would have trial jurisdiction of such offense if committed by an adult; but no child under 16 years of age may be so certified.

NRS 62.080 (1989).

The Nevada Supreme Court interpreted this statute as requiring only that the State charge a minor after s/he reaches the age of sixteen, not that the minor commit the charged offense after reaching the age of sixteen. (E.O.R. at 161–66.) This interpretation permitted the state to certify Castillo as an adult and transfer him to the jurisdiction of the state district court.

Castillo argues that the application of this judicially constructed "new rule" violated his Due Process rights because he could not have known or foreseen at the time of his conduct that he could be punished as an adult and sentenced accordingly. This argument is premised upon the Supreme Court's opinion in *Bouie v. City of Columbia,* 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964). There, the Supreme Court held that the state's construction of its criminal trespass statute to punish the defendants for conduct that was not criminal at the time they committed it violated the requirement of the Due Process Clause that a criminal statute give fair warning of the conduct which it prohibits. *Id.* at 350. The Court stated: "If

a judicial construction of a criminal statute is unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue, it must not be given retroactive effect." *Id.* at 354 (internal quotation marks omitted); *see Rogers v. Tennessee,* 532 U.S. 451, 457, 121 S.Ct. 1693, 149 L.Ed.2d 697 (2001). The Supreme Court recently explained *Bouie:*

> Our decision in *Bouie* was rooted firmly in well established notions of due process. Its rationale rested on core due process concepts of notice, foreseeability, and, in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct.

*Rogers,* 532 U.S. at 459 (citations and emphasis omitted).

Castillo argues that the Nevada Supreme Court's interpretation of NRS 62.080 unlawfully expanded the scope of criminal liability by enabling imposition of a greater punishment for his conduct than would have otherwise been inflicted had Castillo proceeded as a juvenile. Unlike the state court's interpretation in *Bouie,* however, Nevada's interpretation of NRS 62.080 did not render previously lawful conduct illegal. Castillo cannot reasonably make any assertion that his commission of sexual assault and battery did not constitute proscribed conduct before the Nevada Supreme Court issued its decision. The only potential uncertainty involved whether Castillo would be processed in the juvenile court system or as an adult in the state court system. Thus, contrary to Castillo's attempt to characterize the state court's interpretation as expanding the *scope* of criminal liability, it in fact attached increased penal penalties to what clearly constitutes proscribed conduct. Because this Circuit has held that *"Bouie* applie[s] only to after-the-fact increases in the scope of criminal liability and not to retroactive sentence enhancements," *Hol-*

*gerson v. Knowles,* 309 F.3d 1200, 1202 (9th Cir.2002) (citing *United States v. Newman,* 203 F.3d 700, 703 (9th Cir. 2000)), Castillo's claim is not a cognizable *Bouie* claim.

Nevada's decision to uphold Castillo's conviction and sentence was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The Supreme Court has not clearly established that a retroactively applied judicially constructed increase in sentence implicates the Due Process Clause. Accordingly, Castillo's *Bouie* claim is meritless.

V.

For the foregoing reasons, we affirm the District Court's Order denying Castillo's pro se Petition for a Writ of Habeas Corpus.

AFFIRMED.