Roosevelt Jermaine COLEMAN,
Petitioner—Appellant,

v.

James ROWLAND, Respondent—
Appellee.

No. 05–16246.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 16, 2007.

Filed April 25, 2007.

Mark D. Greenberg, Esq., Oakland, CA, for Petitioner–Appellant.

Roosevelt Jermaine Coleman, Tehachapi, CA, pro se.

* The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

Stephen Herndon, AGCA—Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Appeal from the United States District Court for the Eastern District of California, Morrison C. England, District Judge, Presiding. D.C. No. CV–00–00567–MCE/JFM.

Before: SCHROEDER, Chief Circuit Judge, TROTT, Circuit Judge, and MOSKOWITZ *, District Judge.

## MEMORANDUM **

Roosevelt Jermaine Coleman appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. We affirm.

■ Coleman challenges his conviction for first degree murder and conspiracy to commit murder, claiming (1) the jury conflated two separate conspiracies into a single conspiracy, which allowed the jury to find him guilty without the requisite finding of an actual—as opposed to constructive—intent to kill; (2) he was denied an opportunity to present his defense of voluntary intoxication that applied to one conspiracy but not to the other; and (3) he was denied his right to adequate notice of the charges due to the variance between the single-conspiracy theory on which the case was submitted and the double-conspiracy theory on which the jury allegedly relied. In rejecting Coleman's claims, the California Court of Appeal correctly determined that the evidence established a single conspiracy under California law. Thus, Coleman has failed to demonstrate that the issue he raises is of federal constitutional proportions. *See* 28 U.S.C. § 2254(d)(1); *Holgerson v. Knowles,* 309

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

F.3d 1200, 1202 (9th Cir.2002) (federal habeas court generally bound by a state court's interpretation of state law).

■■■■ We reject also Coleman's claim that the jury instruction on adoptive admissions impermissibly commented on his right to remain silent. There was no *Doyle* error because Coleman, after receiving *Miranda* warnings, waived unequivocally his right to remain silent. *See Doyle v. Ohio,* 426 U.S. 610, 618–19, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); *Anderson v. Charles,* 447 U.S. 404, 408, 100 S.Ct. 2180, 65 L.Ed.2d 222 (1980). Moreover, Coleman cannot point to any identifiable harm caused by the jury instruction.

The district court's denial of Coleman's habeas petition is **AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.