**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREW K. KAMANA'O, | No. 10-16041 |
| Petitioner - Appellant, | D.C. No. 1:09-cv-00313-JMS-BMK |
| v. | |
| CLAYTON FRANK; et al., | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Argued and Submitted June 14, 2011
Honolulu, Hawaii

Before: ALARCÓN, WARDLAW, and N.R. SMITH, Circuit Judges.

Andrew K. Kamana'o, a Hawaii state prisoner, appeals from the district

court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2254. The district court granted a certificate of appealability ("COA") on the

question "whether *Bouie* [*v. City of Columbia*, 378 U.S. 347 (1964),] applies to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. Rule 36-3.

retroactive sentence enhancements or sentencing schemes." Kamana'o also contends that the Hawaii Supreme Court's decision denying his state petition for a writ of habeas corpus, *State v. Kamanao*, 188 P.3d 724 (Haw. 2008), was "contrary to or an unreasonable application of federal law clearly establishing that an illegal sentence is unconstitutional.". We decline to grant a COA as to this uncertified issue.

## I

Kamana'o contends that the Hawaii Supreme Court's decision in *Kamana'o*, 188 P.3d 724, was contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court in *Bouie v. City of Columbia*, 378 U.S. 347 (1964). He also claims that this court applied *Bouie* to a state sentencing statute in *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1399-400 (9th Cir. 1989).

Kamana'o has failed to demonstrate that *Bouie*'s applicability to sentencing schemes is "clearly established." In *Holgerson v. Knowles*, 309 F.3d 1200 (9th Cir. 2002), we previously explained that "the Supreme Court has not decided whether the due process fair warning requirement outlined in *Bouie* applies to after-the-fact sentence increases." *Id.* at 1203. In that matter, we stated "[w]e need not decide whether *Bouie* applies" to after-the-fact increases in punishment because that issue "has not been clearly established by the Supreme Court." *Id.*

2

This court's decision in *Oxborrow* is not controlling because it predates Congress's enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. The state petitioner's "reliance on Ninth Circuit or other circuit authority is misplaced" in this matter because the relevant issue in this case is whether the Hawaii Supreme Court's decision "was 'contrary to, or involved an unreasonable application of, clearly established Federal law, *as determined by the Supreme Court*.'" *Arredondo v. Ortiz*, 365 F.3d 778, 782 (9th Cir. 2004) (emphasis in original) (quoting 28 U.S.C. § 2254(a)(1)).

Given that Kamana'o has not established that *Bouie* applies to the sentencing scheme in this case, we need not reach the merits of whether the sentence Kamana'o received upon his resentencing in 2006 was foreseeable.

**II**

Kamana'o also asserts that this court "may disregard the [Hawaii Supreme Court's] construction of state law in [*Kamana'o*, 188 P.3d 724,] because it is implausible and an obvious subterfuge to evade recognizing the merit in Kamana'o's federal claims . . . ." Although the district court declined to certify this issue, we consider Kamana'o's request to broaden the COA pursuant to Circuit Rule 22-1.

3

Under AEDPA, the issuance of a COA is a prerequisite to the right to bring an appeal. 28 U.S.C. § 2253(c)(1). The petitioner must make "a substantial showing of the denial of a constitutional right" for a COA to issue. § 2253(c)(2). "The required showing for originally obtaining a COA on a claim remains the standard by which this court reviews the broadening of a COA." *Doe v. Woodford*, 508 F.3d 563, 567 (9th Cir. 2007).

"[A] state court's interpretation of state law . . . binds a federal court sitting in habeas corpus" unless the state court's decision presents a violation of the Constitution or the laws or treaties of the United States. *Bradshaw v. Richey*, 546 U.S. 74, 75 (2005); *see Swarthout v. Cooke*, 131 S. Ct. 859 (2011) (extent of liberty interest in parole is a question of state law, which is reviewable by a federal court only for a violation of the Due Process Clause). "Our deference to the [state court] is suspended *only* upon a finding that the court's interpretation is untenable or amounts to a subterfuge to avoid federal review of a constitutional violation." *Oxborrow*, 877 F.2d at 1399 (emphasis added). We decline to grant a COA in this matter because a substantial showing has not been made that the Hawaii Supreme Court's decision was untenable or a subterfuge to avoid applying federal constitutional law.

**AFFIRMED.**